Pamela Ann Bray
14102 Utt Drive
Tustin, CA 92780
Tel: (714) 309-0161
Email: Pamelaabray@gmail.com

**FILED**

MAY 2 1 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Pamela Bray
Pro Se Plaintiff

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

In re:

Ronald Lee Bray. II. and Andrea Marie Runnells

Debtors

_____

Pamela Ann Bray

Plaintiff

vs.

Ronald Lee Bray. II. and Andrea Marie Runnells

Defendants

Case No.: 6-26-BK-11960-RB

Chapter 7

Adv. Prod. No._____

**COMPLAINT TO DETERMINE DISCHARGEABILITY DEBT PURSUANT TO (11 U.S.C. § 523(a)(6); § 523(a)(2)**
(Hearing date to be set for by Summons)

TO THE HONORBALE Magdalena Reyes Bordeaux, Pamela Ann Bray files her

Complaint to Determine Dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6); § 523(a)(2).

//

//

//

//

COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO (11 U.S.C. Section 523 (a)(6); Section 523(a)2

M1  5/21/26

//

## I.      JURISDICTION AND VENUE

1.  This is an adversary proceeding to determine the dischargeability pursuant to 11 U.S.C. § 523(a)(6); § 523(a)(2).
2.  This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I).
3.  enue is proper pursuant to 28 U.S.C § 1409(a) because this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

## II.      PARTIES

4. Plaintiff Pamela Bray is a creditor of the Defendants.

5. On March 17,2026 Ronald Lee Bray, II and Andrea Runnells husband and wife (Joint Debtors) are residents of Wildomar, CA, Riverside County, filed their voluntary petition under chapter 7 of the Bankruptcy Code, commencing this bankruptcy case in the Central District of California, Riverside Division. This case is numbered 6-26-bk-11960.  Therefore, this court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334

## III.      STATEMENT OF FACTUAL BACKGROUND

6.      On or about November 25, 2024, Plaintiff provided a personal loan to Debtors in the amount of six thousand dollars ($6,000.00), specifically intended and used for the down payment of the subject residential property.

7.      As an express condition of this loan, Plaintiff and Debtors entered into an agreement that Plaintiff would reside in the home as her primary residence. Plaintiff was also executed onto the Grant Deed as a joint tenant of the residence **(See Exhibit "1")**.

COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO (11 U.S.C. Section 523 (a)(6); Section 523(a)2

8.      Shortly after the home was purchased using Plaintiff's funds, Plaintiff began contributing $1,000.00 per month toward the ongoing mortgage payments.

9.      Shortly after purchasing the property, Debtors engaged in a scheme to intentionally and forcibly harass and mistreat the Plaintiff. This severe mistreatment forced the Plaintiff out of her primary residence and into homelessness.

10.     The proximity in time between the purchase of the home using Plaintiff's funds and the immediate commencement of harassment demonstrates that Debtors entered into the agreement with the fraudulent intent to induce Plaintiff's financial contribution and subsequently remove her from the property.

11.     As a direct result of this misconduct, Plaintiff filed a restraining order for elder abuse against the Debtors, which was granted by the Court in September 2025 and remained in effect until its expiration on March 22, 2026.

12.     Immediately following her forced exclusion from the home, Plaintiff filed a small claims action against the Debtors to recover her funds.

13.     Debtors filed the instant bankruptcy petition with the strategic intent to trigger the automatic stay and halt the pending small claims process, thereby hindering and delaying Plaintiff's ability to collect her funds.

14.     The subject real property was not claimed as exempt or liquidated within the bankruptcy proceedings, and substantial equity exists within the home.

COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO (11 U.S.C. Section 523 (a)(6); Section 523(a)2

15. Debtors possess the financial means to repay the $6,000.00 obligation from the equity of the home purchased with Plaintiff's funds, but they willfully, maliciously, and purposely refuse to do so.

16. Debtors' actions filing a Petition Chapter 7 and naming Plaintiff as a debt demonstrates the willfully and Malicious conduct not to pay back the loan to Plaintiff.

## IV. CAUSE OF ACTION: NON DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

17. **Non-Dischargeability Justification**

Under the recent U.S. Supreme Court ruling in <u>Bartenwerfer v. Buckley (2023)</u>, debt obtained by fraud is non-dischargeable regardless of the debtor's individual culpability if they are liable for the fraud under state law. Furthermore, debts resulting from "willful and malicious injury" are also non-dischargeable under 11 U.S.C. § 523(a)(6)

## CAUSE OF ACTION
*Willful and Malicious Injury by Debtors*
*(11 U.S.C. § 523(a)(6))*

18. Plaintiff incorporates paragraphs 1 through 23 by reference as though fully set forth herein.

19. Debtors acted willfully and maliciously when they intentionally and forcibly harassed, mistreated, and unlawfully evicted Plaintiff from her primary residence.

20. Debtors' actions were deliberate, targeted, and executed with the specific intent to cause injury to Plaintiff, leading directly to her homelessness.

21. Debtors further committed a willful and malicious injury against Plaintiff's property rights by forcing her out of a home where she is legally recorded on the Grant Deed as a joint tenant (See Exhibit "1").

COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO (11 U.S.C. Section 523 (a)(6); Section 523(a)2

22. Debtors acted with malice by filing for bankruptcy to weaponize the automatic stay, halting Plaintiff's small claims action to evade payment despite retaining unexempted home equity sufficient to satisfy the debt.

23. Pursuant to 11 U.S.C. § 523(a)(6), the debt arising from these willful and malicious injuries is non-dischargeable.

## CAUSE OF ACTION
*False Pretenses, False Representation, and Actual Fraud*
*(11 U.S.C. § 523(a)(2)(A))*

24. Plaintiff incorporates paragraphs 1 through 15 by reference as though fully set forth herein.

25. Debtors obtained money and property from Plaintiff through false pretenses, false representations, and actual fraud.

26. Debtors represented to Plaintiff that she would be a joint tenant and secure a permanent primary residence in exchange for providing the $6,000.00 down payment.

27. Debtors knew this representation was false at the time it was made, as evidenced by the immediate, forceful harassment and removal of Plaintiff shortly after receiving her funds.

28. Debtors made these false representations with the intention and purpose of deceiving Plaintiff and inducing her to pay the down payment.

29. Plaintiff justifiably relied on Debtors' representations to her severe financial and physical detriment.

16. As a direct result of Debtors' fraud, Plaintiff has suffered damages in the principal amount of $6,000.00, plus mortgage contributions and related costs.

Pursuant to 11 U.S.C. § 523(a)(2)(A), this debt is non-dischargeable.

COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO (11 U.S.C. Section 523 (a)(6); Section 523(a)2

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Debtors as follows:

a) Finding and declaring the debt owed to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

b) Entering a money judgment against Debtors in the principal amount of $6,000.00, plus any proved mortgage contributions, interest, and costs;

c) Awarding any other relief the Court deems just and proper.

Dated: May 6, 2026

Pamela Bray, Pro Se Plaintiff

COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO (11 U.S.C. Section 523 (a)(6); Section 523(a)2

## Verification of Attached Grant Deed

I, **PAMELA ANN BRAY** declare as follows:

1. I am the Plaintiff in this adversary proceeding.

2. Attached hereto as **Exhibit "1"** is a true, correct, and complete copy of the Grant Deed for the subject residential property.

3. This Grant Deed was legally executed and recorded, and explicitly lists my name as a joint tenant of the residence.

4. I have personal knowledge of the authenticity of this document as it represents the property interest secured in exchange for my $6,000.00 down payment contribution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of May, 2026, at Tustin, CA.

PAMELA ANN BRAY, Plaintiff, Pro Se

lof l

Verificatiion of attached Grant Deed

# "EXHIBIT 1"

DOC # 2025-0089980
03/26/2025 12:06 PM Fees: $23.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY:
Ticor Title Company of CA

WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENTS TO:

Mr. Ronald Lee Bray II and Mrs. Andrea Marie
Runnells
35937 Devonshire Lane
Wildomar, CA 92595

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: JACQUELINE #2386

Title Order No.: TT4012748                    THIS SPACE FOR RECORDER'S USE ONLY:
API#: 362-620-021                              Escrow No.: 501-024455-FL
TRA No.: 025-080                    **GRANT DEED**
THE UNDERSIGNED GRANTOR(S) DECLARE(S)

**DOCUMENTARY TRANSFER TAX is $687.50**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Wildomar AND

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,

**Jose E. Vicencio, an Unmarried Man**

**hereby GRANT(s) to:**

**Ronald Lee Bray II and Andrea Marie Runnells, Husband and Wife and Pamela Ann Bray, an Unmarried Woman, all as Joint Tenants**

the real property in the City of Wildomar, County of Riverside, State of California, described as:

Lot 47 of Tract No. 29402, in the City of Wildomar, County of Riverside, State of California, as per map recorded in Book 340, Page(s) 68 through 72, inclusive of Maps, in the Office of the County recorder of said County. And more particularly described in Exhibit "A" attached hereto and made a part hereof.

Also Known as: 35937 Devonshire Lane, Wildomar, CA 92595

**Signature Page attached hereto
and made a part hereof**

r No.: TT4012748          Escrow No.: 601-024455-FL          AP#: 362-620-021

## SIGNATURE PAGE

**Title of Document:  GRANT DEED**

**Date of Document:  February 12, 2025**

Jose E. Vicencio

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Riverside
On February 18, 2025
before me, Gina McNabb, Notary Public
A Notary Public personally appeared
Jose E. Vicencio

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



(Seal)

GINA MCNABB
Notary Public - California
Riverside County
Commission # 2409267
My Comm. Expires Jun 28, 2026

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

P.O. Box 14416
Irvine, CA  92623

A true and correct copy of the foregoing document entitled (*specify*): Adversay Proceeding Cover Sheet; Summons Adv

Proc; Complaint to Determine Dischargability and Verification of attached Grant Deed;

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) __05/20/2026__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/20/2026 | PATRICIA EVANS | *Patricia Evans* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                           **F 9013-3.1.PROOF.SERVICE**

SERVICE INFORMATION ATTACHED PAGE
Attached to
F-7004 Proof of Service Document

**Judge**
Magdalena Reyes Bordeaux
U. S. Bankrupt Court
Central District Division
3420 Twelfth Street, Suite 325
Riverside, CA  92501

**Attorney for Debtors**
Arelia Khan Abedial
Khan Law
11 S, San Joaquin Street
Stockton, CA  92520

**U. S. Trustee**
Charles W. Daff (TR)
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

Service Information attached page

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>PAMELA ANN BRAY | DEFENDANTS<br>RONALD LEE BRAY, II and ANDREA MARIE RUNNELLS |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Pro Se<br>Pamela Bray<br>141402 Utt Drive<br>Tustin, CA 92780<br>714-309-0161 | ATTORNEYS (If Known)<br>Alia Khan Abedlal<br>Khan Law<br>11 S. San Joaqiun Street<br>Stockton, CA 95202   800 419-8950 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint under 11 U.S.C. § 523 to determine the non-dischargeability of a debt due to [write "fraud", "willful injury", false pretense

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 6,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ronald Lee Bray. II and Andrea Marie Runnells | BANKRUPTCY CASE NO.<br>6-26-bk- 11960-RB | |
| | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Charles W. Daff |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br><br>05/06/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>PAMELA ANN BRAY |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.